### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STEPHANIE HOBBS**, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20-cv-262-MAB |
| | ) | |
| v. | ) | |
| | ) | |
| **USAA GENERAL INDEMNITY COMPANY**, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT
### AND SUPPORTING MEMORANDUM

Defendant USAA General Indemnity Company ("USAA GIC") moves to dismiss plaintiff

Stephanie Hobbs' ("Plaintiff") Complaint in its entirety and with prejudice under Fed. R. Civ. P.

12(b)(6) and states as follows:

### INTRODUCTION

The barebones allegations in Plaintiff's three-count Complaint do not allege any plausible

claim against USAA GIC.

Her first count simply asks for entry of judgment against USAA GIC in the amount that

was entered against its insured.  That is not a valid cause of action because USAA GIC was not a

party to the underlying lawsuit against its insured and under Illinois law, insurers are not *per se*

liable for judgments against their insured.

Plaintiff's second and third counts attempt to plead bad faith claims against USAA GIC

arising from the judgment against its insured—and that insured's subsequent assignment of claims

against USAA GIC to Plaintiff—but her conclusory allegations do not plausibly allege the

elements of a bad faith claim.  Plaintiff fails to allege USAA GIC had a duty to settle the underlying

lawsuit, that it breached that duty, or that USAA GIC's actions caused any harm to its insured.

Critically, Plaintiff admits that USAA GIC made her an offer to settle for policy limits *five years*

before her case against USAA GIC's insured went to trial, which offer was inexplicably never accepted. Under these circumstances, no bad faith can be found, and the Court should dismiss the Complaint in its entirety and with prejudice.

## BACKGROUND[1]

On January 4, 2013, Plaintiff was injured in a car crash with a vehicle driven by James Cates, USAA GIC's insured. Dkt. No. 1-2 ("Compl.") at 1 (¶¶ 1-3), 3 (¶¶ 1-3), 6 (¶¶ 1-3).[2] She filed a lawsuit on December 16, 2013 titled *Stephanie Hobbs v. James Cates*, No. 13-L-94 in the Circuit Court of Franklin County, Illinois (the "Personal Injury Action"). *Id.* at 4 (¶ 4), 3 (¶ 4), 7 (¶ 4), Ex. D. After Mr. Cates was served with process, USAA GIC retained an attorney to represent him, and that attorney entered his appearance in the Personal Injury Action on or about April 9, 2014. *Id.* at 4 (¶ 10), 8 (¶ 10).

On March 14, 2014, Plaintiff demanded that USAA GIC tender its policy limits of $50,000 by March 30, 2014, or else she would proceed with the Personal Injury Action. *Id.* at 4 (¶ 12), 8 (¶ 12), Ex. B. She alleges that USAA GIC did offer its policy limits, but not until September 2, 2014, after her self-imposed deadline had passed. *Id.* at 5 (¶ 13), 8 (¶ 13), Ex. C.

More than four years later, the Personal Injury Action proceeded to a jury trial on May 21, 2019. *Id.* at 2 (¶ 5), 3 (¶ 5), 7 (¶ 5). The jury rendered a verdict in Plaintiff's favor in the amount of $866,000, and the court presiding over the Personal Injury Action entered judgment in that sum on May 31, 2019. *Id.* at 2 (¶¶ 6-7), 3-4 (¶¶ 6-7), 7 (¶¶ 6-7), Ex. A.

---

[1] All facts stated in this section are taken from the allegations of the Complaint and are assumed, for purposes of this motion only, to be true.

[2] Because Plaintiff restarts the paragraph numbering in each count of her Complaint, USAA GIC cites to both the relevant page numbers and paragraphs.

Neither USAA GIC nor Mr. Cates has paid any money on the judgment Plaintiff received, and post-judgment interest continues to accrue. *Id.* at 2 (¶ 8), 4 (¶ 8), 7 (¶ 8). In exchange for Plaintiff's agreement to not execute the judgment against his personal assets, Mr. Cates assigned all claims he may have against USAA GIC to Plaintiff. *Id.* at 5 (¶ 14), 8 (¶ 14), Ex. D.

Plaintiff's Complaint in this case alleges three untitled counts against USAA GIC. *See* Compl. Count I alleges that USAA GIC is liable for the amount of the judgment in the Personal Injury Action. *Id.* at 2. Count II alleges USAA GIC failed to act in good faith in one or more of the following ways: (1) by not promptly evaluating Plaintiff's claim; (2) by not competently evaluating Plaintiff's claim; (3) by not promptly contacting an attorney to represent Mr. Cates, when that attorney would have known it was in Mr. Cates' best interest to settle the Personal Injury Action for policy limits within the time Plaintiff demanded; (4) by not tendering its policy limits at a time when it knew or should have known Plaintiff's claim exceeded $50,000; and (5) by not tendering its policy limits within Plaintiff's self-imposed deadline. *Id.* at 5 (¶ 16). Count III alleges that USAA GIC was negligent for these same reasons. *Id.* at 9 (¶ 16).

## ARGUMENT

Under Fed. R. Civ. P. 12(b)(6), the Court should dismiss a complaint that fails to state a claim for which relief can be granted. To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Whether a complaint meets the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, the court "need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Here, all of Plaintiff's claims should be dismissed because none passes the plausibility threshold.

**I.      Count I Fails to Allege a Viable Cause of Action.**

Plaintiff does not state any cause of action in Count I of her Complaint.  Rather, she simply asks for entry of a judgment against USAA GIC in the amount of the judgment she previously obtained against its insured, Mr. Cates.  *See* Compl. at 2.  Neither federal nor Illinois law permits such a result.

"In general, a judgment or decree among parties to a lawsuit does not bind a third party who has not been made a party to the litigation."  *U.S. v. City of Chicago*, 978 F.2d 325, 330 (7th Cir. 1992).  Because USAA GIC was not a party to Plaintiff's underlying lawsuit against Mr. Cates, and the judgment that Plaintiff obtained was not against USAA GIC, that judgment does not bind USAA GIC.  *See* Compl., Ex. A.

Further, Illinois courts have long rejected the theory that an insurer is *per se* liable to its insured if a verdict in excess of policy limits is entered against that insured.  *Browning v. Heritage Ins. Co.*, 33 Ill. App. 3d 943, 946, 338 N.E.2d 912, 915 (Ill. App. Ct. 1975).  In *Browning*, the plaintiff alleged as follows:

> That the laws of the State of Illinois provide that in the event a policy holder instructs the insurance carrier to pay the total amount of coverage under the automobile insurance casualty policy and [it] fails to do so, and a verdict or judgment is obtained in excess of the policy limit, the insurance carrier, such as in this case, becomes liable for the total amount of the verdict or judgment so obtained, which, in this case being $30,000.00, the insurance carrier, the Defendant herein, becomes liable for the $20,000.00, the unpaid portion of the verdict obtained herein.

*Id.*  In rejecting this theory, the court held that "[t]here is no precedent for this theory which would render the insurer per se liable to its assured.  Quite to the contrary the insurer is simply held to a standard of reasonable conduct and avoidance of fraud, negligence and/or bad faith."  *Id.*

4

Because Count I is inherently defective and cannot be cured by amendment, it should be dismissed with prejudice. *See Williams v. Central Contracting & Marine Inc.*, No. 15-CV-867-SMY-RJD, 2017 WL 76937, at *1 (S.D. Ill. Jan. 9, 2017) ("If a party alleges facts that show they have no legal claim, they have pleaded themselves out of court.").

## II.     Counts II and III Fail to Plausibly Allege Any Bad Faith By USAA GIC.

In Counts II and III, Plaintiff attempts to allege bad faith claims against USAA GIC based on the same facts but under different theories (good faith and fair dealing and negligence). *See* Compl. at 5 (¶¶ 15-17), 8-9 (¶¶ 15-17). These are duplicative claims with similar elements. *See Adduci v. Vigilant Ins. Co., Inc.*, 98 Ill. App. 3d 472, 476, 424 N.E.2d 645, 648 (Ill. App. Ct. 1981) (a bad faith claim requires a plaintiff to allege (1) a duty to settle, (2) a breach of the duty through fraud, negligence, or bad faith; and (3) that the breach was the legal cause of harm to the plaintiff); *Interstate Indem. Co. v. Utica Mut. Ins. Co.*, 867 F. Supp. 1355, 1359 (S.D. Ill. 1994) ("The elements of a claim for breach of the duty of good faith and fair dealing are practically identical to the elements of a negligence claim, i.e. the defendant must owe plaintiff a duty to act in good faith and conduct fair dealing; the defendant must have breached that duty; and the breach of the duty must have proximately caused plaintiff's damages."). Both claims fail, however, because Plaintiff has not sufficiently alleged any of these elements.

### 1.     Plaintiff Does Not Plausibly Allege USAA GIC Had a Duty to Settle.

While Plaintiff alleges broadly that "USAA [GIC] had a duty of good faith to protect the interests of its insured, James Cates," Compl. at 5 (¶ 15), and that "USAA [GIC] had a duty of ordinary care to protect the interests of its insured, James Cates," *id.* at 8 (¶ 15), the specific duty

at issue here is the duty to settle, which is at the heart of a bad faith claim.[3]  *See Haddick ex rel. Griffith v. Valor Ins.*, 198 Ill. 2d 409, 417, 763 N.E.2d 299, 304 (Ill. S. Ct. 2001) ("To survive a motion to dismiss a bad-faith claim, the plaintiff must allege facts sufficient to establish the existence of the duty to settle in good faith.").

"[A]n insurance provider's duty to settle arises once a third-party claimant has made a demand for settlement of a claim within policy limits and, at the time of the demand, there is a reasonable probability of recovery in excess of policy limits and a reasonable probability of a finding of liability against its insured."  *Haddick*, 198 Ill. 2d at 419, 763 N.E.2d at 306; *see also Hana v. Ill. State Med. Inter-Ins. Exch. Mut. Ins. Co.*, 2018 IL App (1st) 162166, ¶ 35, 105 N.E.3d 35, 44 (Ill. App. Ct. 2018) (reasonable probability means the plaintiff in a bad faith suit must establish that liability in excess of policy limits was "at least more likely than not, but not necessarily a certainty") (internal citation omitted).

Here, the meager allegations in Plaintiff's Complaint do not plausibly demonstrate a reasonable probability that she would have recovered a judgment exceeding USAA GIC's $50,000 policy limits at the time she made her March 14, 2014 demand.  *See* Compl. at 4 (¶12), 8 (¶12), Ex. B.  *See Powell v. Am. Serv. Ins. Co.*, 2014 IL App (1st) 123643, ¶ 42, 7 N.E.3d 11, 19 (Ill. App. Ct. 2014) (the reasonable probability standard is applied "at the time of the settlement demand" and a plaintiff's subsequent victory at trial cannot be retroactively applied to criticize an

---

[3] Outside the insurance context, the Illinois Supreme Court has rejected efforts to impose tort liability for a breach of the contractual duty of good faith and fair dealing. *See Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 524, 675 N.E.2d 897, 903 (Ill. S. Ct. 1996) ("This contractual covenant is not generally recognized as an independent source of duties giving rise to a cause of action in tort."); *Voyles v. Sandia Mortg. Corp.*, 196 Ill. 2d 288, 295, 751 N.E.2d 1126, 1130 (Ill. S. Ct. 2001) (noting that until *Cramer*, "appellate court panels which had squarely addressed the question had consistently refused to recognize an independent tort for breach of the implied duty of good faith and fair dealing in a contract").

insurer's earlier decision not to settle).  For example, Plaintiff supplies no information regarding the Personal Injury Action for the Court to gauge Mr. Cates' potential liability.  *See* Compl. Similarly, Plaintiff alleges no facts regarding her medical costs as of the date of her demand to suggest that Mr. Cates was facing a potential judgment in excess of USAA GIC's $50,000 policy limits.  *See id.* at 4 (¶12), 8 (¶12), Ex. B.  While Plaintiff's March 2014 demand letter references medical records and bills related to her claims, Plaintiff does not attach them to the Complaint or provide any further information about them to permit the inference that those records indicated Plaintiff's claim even approached, much less exceeded, USAA GIC's policy limits.[4]  *See id.*  In short, the Court cannot find, based on the minimal information contained in the Complaint, that USAA GIC plausibly had a duty to settle Plaintiff's case against Mr. Cates.

2.      **Plaintiff Does Not Plausibly Allege USAA GIC Breached Its Duty.**

Plaintiff claims that USAA GIC breached its duty to Mr. Cates in five ways.  However, none is plausible based on her barebones allegations.

There are no facts alleged in the Complaint to support Plaintiff's conclusory allegation that USAA GIC failed to promptly evaluate Plaintiff's claim.  *See* Compl. at 5 (¶ 16), 9 (¶ 16).  The same is true for Plaintiff's conclusory allegation that USAA GIC failed to competently evaluate Plaintiff's claim.  *See id.*  Nor are there facts alleged to support Plaintiff's allegation that USAA GIC failed to promptly contact an attorney to represent Mr. Cates.  *See id.*  Rather, as Plaintiff acknowledges, USAA GIC retained attorney Eugene Menges to represent Mr. Cates after he was served with process.  *Id.* at 4 (¶ 10), 8 (¶ 10).  Indeed, to the extent these alleged breaches are

_____

[4] To the extent Plaintiff relies on her allegation that before filing the Personal Injury Action, she provided USAA GIC with records, including a doctor's report indicating that Plaintiff needed surgery, Compl. at 4 (¶ 11), 8 (¶ 11), there is no indication in Plaintiff's March 2014 demand as to whether the surgery was even performed or whether Plaintiff's out-of-pocket costs for the surgery exceeded policy limits.

unrelated to USAA GIC's duty to settle in light of Plaintiff's March 2014 demand (and the Complaint does not indicate that they are), they are simply irrelevant and cannot give rise to any bad faith liability.

With respect to Plaintiff's allegation that USAA GIC breached its duty to Mr. Cates by failing to tender policy limits at a time when it knew or should have known Plaintiff's claim exceeded $50,000, *id.* at 5 (¶ 16), 9 (¶ 16), "Illinois law generally does not require an insurance provider to initiate settlement negotiations."[5]  *Haddick*, 198 Ill. 2d at 417, 763 N.E.2d at 304.

Lastly, Plaintiff's allegation that USAA GIC did not tender its limits of insurance within Plaintiff's self-imposed deadline does not demonstrate a breach.  Compl. at 5 (¶ 16), 9 (¶ 16).  The Seventh Circuit's decision in *Meixell v. Superior Ins. Co.* and the Illinois appellate court's decision in *Adduci v. Vigilant Ins. Co., Inc.* demonstrate why.

In *Meixell*, the insurer initially rejected a demand to settle for its $20,000 policy limits but three months later, offered those same limits, which the plaintiff in the underlying personal injury action rejected.  230 F.3d 335, 336-337 (7th Cir. 2000).  The plaintiff offered no explanation as to why he could not accept the offer or how he would be prejudiced if he had accepted the insurer's offer.  *Id.* at 337.  Under these facts, the Seventh Circuit found no bad faith on the part of the insurer and affirmed dismissal, reasoning that "[w]hen an insurance company offers to settle and is refused for no reason, it does not constitute bad faith."  *Id.*

Similarly, in *Adduci*, the plaintiffs in the underlying personal injury action demanded the insurer pay its $25,000 policy limits within 28 days, which lapsed, and the plaintiffs then refused

---

[5] This rule does not apply where the probability of an adverse filing on liability is great and the amount of probable damages would greatly exceed policy limits.  *Haddick*, 198 Ill. 2d at 417 n.1, 763 N.E.2d at 304 n.1.  However, as discussed above, Plaintiff's minimal allegations do not plausibly allege that was the case here.

the insurer's tender of policy limits 72 days after their initial demand.  98 Ill. App. 3d at 474-475, 424 N.E.2d at 647.  In affirming dismissal of the plaintiffs' bad faith claim against the insurer, the appellate court reasoned that while the insurer did not respond to the plaintiffs' self-imposed deadline, it did ultimately offer policy limits and "[n]o facts sufficiently indicate why the claimants found it impossible to accept the offer at this time, so as to fairly place the blame for failure of settlement upon Insurer."  98 Ill. App. 3d at 477, 424 N.E.2d at 649.

Here, while Plaintiff alleges that USAA GIC failed to accept her demand for policy limits within her self-imposed deadline of March 30, 2014, she acknowledges that USAA GIC did eventually offer her policy limits on September 2, 2014.  Compl. at 5 (¶ 13), 8 (¶ 13), Ex. C.  Critically, as was the case in *Meixell* and *Adduci*, Plaintiff offers no explanation for why she could not accept USAA GIC's offer then.  Further, USAA GIC's September 2014 offer did not impose any deadline for Plaintiff to accept, and she does not allege it was ever withdrawn.  *See id.*  Plaintiff does not explain why she could not accept that offer in the nearly 5 years that then passed before the Personal Injury Action proceeded to trial.  *Id.* at 3 (¶ 4), 7 (¶ 4).  She cannot play "gotcha" with USAA GIC and manufacture a breach based solely on the passing of her arbitrary and self-imposed deadline.

### 3.    Plaintiff Does Not Plausibly Allege Proximate Cause.

Finally, Plaintiff does not plausibly allege that USAA GIC's actions proximately caused Mr. Cates harm.  *See Interstate*, 867 F. Supp. at 1361 ("Failure to establish proximate cause precludes recovery under a theory of negligence, or breach of the duty of good faith and fair dealing.").

To establish proximate cause, Plaintiff must demonstrate that USAA GIC's breach cost its insured the opportunity to settle within policy limits.  *Id.*; *Nat'l Union Fire Ins. Co. of Pittsburgh,*

*Pa. v. Cont'l Ill. Corp.*, 673 F. Supp. 267, 273 (N.D. Ill. 1987).  As discussed above, Plaintiff cannot plausibly allege USAA GIC caused Mr. Cates to miss out on a settlement opportunity, particularly where USAA GIC offered Plaintiff its policy limits nearly 5 years before trial began in the Personal Injury Action, and Plaintiff does not allege that USAA GIC's offer was ever withdrawn.  *See Meixell*, 230 F.3d at 337-338 (affirming district court's finding that plaintiff could not demonstrate proximate cause where he could not explain why he could not have accepted the insurer's subsequent offer of policy limits).

In short, Plaintiff has not alleged a bad faith claim, whether based on a contractual duty of good or fair dealing or a negligence theory, and Counts II and III should be dismissed with prejudice.  *See Meixell*, 230 F.3d at 338 (affirming dismissal of bad faith claim with prejudice); *Adduci*, 98 Ill. App. 3d at 478, 424 N.E.2d at 650 (same).

**CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's Complaint in its entirety and with prejudice and grant USAA GIC such other and further relief as the Court deems just and proper.

Dated: April 8, 2020

Respectfully Submitted,

/s/ Patrick D. Cloud
Patrick D. Cloud, ARDC #: 6282672
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
P.O. Box 467
Edwardsville, IL 62025 0467
Tel: 618.656.4646
Fax: 618.656.7940
pcloud@heylroyster.com

– and –

Jin Yan, *admitted pro hac vice*
Chris Gerardi, *admitted pro hac vice*
SCHIFF HARDIN LLP

233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Tel: 312.258.5500
Fax: 312.258.5600
jyan@schiffhardin.com
cgerardi@schiffhardin.com

*Counsel for USAA General Indemnity Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of April, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William Alexander —admin@scmitchell.com
Sam C. Mitchell &Associates
**Attorney for Plaintiff**

BY:  /s/ Patrick D. Cloud
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Patrick D. Cloud, ARDC #: 6282672