# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEPHANIE HOBBS**, ) | |
| ) | |
| Plaintiff, ) | No. 20-cv-262-MAB |
| ) | |
| v. ) | |
| ) | |
| **USAA GENERAL INDEMNITY COMPANY**, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION TO DISMISS AMENDED COMPLAINT

Defendant USAA General Indemnity Company ("USAA GIC") submits this reply in support of its motion to dismiss plaintiff Stephanie Hobbs' ("Plaintiff") Amended Complaint in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 25 ("Motion"). Exceptional circumstances warrant this reply as Plaintiff has misstated and misapplied the law in her response, which is almost completely nonresponsive to the arguments raised in USAA GIC's Motion. Dkt. No. 26 ("Response").

## ARGUMENT

The legal standard for whether a claim should be dismissed under Fed. R. Civ. P. 12(b)(6), as stated in USAA GIC's Motion, is whether that claim is plausible on its face.[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard is *not*, as Plaintiff misstates in her Response, whether "it is beyond doubt that the plaintiff

---

[1] Plaintiff's Response does not address USAA GIC's argument that Count I of her Amended Complaint should be dismissed as moot under Fed. R. Civ. P. 12(b)(1). Thus, at a minimum, the Court should dismiss Count I with prejudice. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (affirming dismissal of complaint where plaintiffs failed to respond to arguments raised in motion to dismiss and holding that "[f]ailure to respond to an argument—as the [plaintiffs] have done here—results in waiver"); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (waiver applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss").

can prove no set of facts that would entitle [her] to relief." Response at 2 (citing *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))). The *Conley* standard has long been retired. *Twombly*, 550 U.S. at 555 ("We could go on, but there is no need to pile up further citations to show that *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough."); *Iqbal*, 556 U.S. at 670 ("*Twombly* retired the *Conley* no-set-of-facts test"); *Levan Galleries LLC v. City of Chicago*, 790 Fed. App'x 834, 835 (7th Cir. 2020) (noting that plaintiff mistakenly cited to *Conley's* "no set of facts" test "[b]ut the modern standard is, of course, plausibility").

Plaintiff's application of the wrong legal standard leads her to mistakenly proclaim that she "has clearly pleaded sufficient facts to entitle her to relief" even though she has not attempted to apply her meager allegations to the limited case law she cites or to rebut any of the numerous arguments USAA GIC raises to show why her bad faith claims are implausible. Response at 2-4. As a prime example, Plaintiff cites *Haddick ex rel. Griffith v. Valor Ins.*, 198 Ill. 2d 409, 419, 763 N.E.2d 299, 306 (Ill. 2001) for the proposition that an insurer's duty to settle arises when a claim has been made and there is a reasonable probability of recovery in excess of policy limits, Response at 3, but does not point to any allegations to demonstrate that duty was triggered at the time of her March 2014 demand for USAA GIC's policy limits. Rather, as pointed out in USAA GIC's Motion, the Amended Complaint lacks allegations sufficient to even gauge the probability of Plaintiff's recovering an amount exceeding policy limits. Motion at 7-8.

Plaintiff's bad faith claims should be dismissed because she is unwilling and unable to rebut USAA GIC's arguments and defend the adequacy of the Amended Complaint in her Response. *Bonte* 624 F.3d at 466; *Alioto*, 651 F.3d at 721; *Alvarez v. Black*, No. 15-cv-574-JPG-PMF, 2015 WL 5675803, at *5 (S.D. Ill. Sept. 28, 2015) ("Where a party has failed to advance his

own arguments, the Court will not formulate arguments for him. Instead, pursuant to Local Rule 7.1(c), the Court construes [plaintiff's] failure to respond and an admission of the merits of the motion [to dismiss]"); *Guillen v. So. Ill. Hosp. Servs.*, No. 03-4236-JPG, 2005 WL 8173716, at *8 (S.D. Ill. Jan. 26, 2005) (dismissing claim and noting that "the Court construes the failure to respond to this argument [raised in a motion to dismiss] as an admission of its merits").[2] By opting not to even engage, much less counter, the multiple bases for dismissal stated in USAA GIC's Motion, Plaintiff has waived her right to object to dismissal on any of those bases.

Plaintiff cannot avoid dismissal by claiming that "[w]hether an insurance company acted in bad faith in failing to settle within a deadline imposed by a plaintiff is a question for the finder of fact." Response at 3 (citing *Haddick*, 198 Ill. 2d at 419, 763 N.E.2d at 306). This assertion misleadingly suggests that a bad faith claim cannot be decided on the pleadings when, in fact, *Haddick* holds that it can, *id.*, 198 Ill. 2d at 417, 763 N.E.2d at 304, and Illinois courts have done just that in dismissing insufficiently pleaded bad faith claims similar to the ones Plaintiff attempts to bring. *E.g.*, *Meixell v. Superior Ins. Co.*, 230 F.3d 335, 337-338 (7th Cir. 2000); *Adduci v. Vigilant Ins. Co., Inc.*, 98 Ill. App. 3d 472, 477, 424 N.E.2d 645, 649 (Ill. App. Ct. 1981).[3]

---

[2] *Accord Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response."); *Jones v. Connors*, No. 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sept. 20, 2012) ("A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim."); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar. 14, 2008) ("A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture.").

[3] Plaintiff attempts to distinguish *Meixell* and *Adduci* on their facts, Response at 3, but cannot rebut the core holding in those cases—and the point USAA GIC makes in its Motion—that no viable bad faith can be plausibly alleged where an insurer makes an offer to settle for policy limits and that offer is refused for no good reason, as is the case here.

Finally, Plaintiff's argument that the Court should allow her to take discovery to support her claims, Response at 4, is procedurally backwards because Plaintiff must first meet the plausibility standard and plead a viable claim before she is entitled to any discovery. *See Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process"); *Leon v. Jacobson Transp. Co., Inc.*, No. C 4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010) (explaining that "the driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an extortionate settlement"). Indeed, "[t]he argument that [Plaintiff] needs discovery to allege facts sufficient to make [her] claim plausible effectively concedes that, even as amended in the [Amended Complaint], [her] claim is not plausible." *House of Brides, Inc. v. Alfred Angelo, Inc.*, No. 11 C 07834, 2014 WL 6845862, at *4 (N.D. Ill. Dec. 4, 2014).

## CONCLUSION

For these reasons, and the reasons stated in USAA GIC's Motion, the Court should dismiss Plaintiff's Amended Complaint in its entirety and with prejudice, and grant USAA GIC such other and further relief as the Court deems just and proper.

Dated: August 12, 2020

Respectfully Submitted,

/s/ Patrick D. Cloud
Patrick D. Cloud, ARDC #: 6282672
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, IL 62025 0467
Tel: 618.656.4646
Fax: 618.656.7940
pcloud@heylroyster.com

– and –

> Jin Yan, *admitted pro hac vice*
> Chris Gerardi, *admitted pro hac vice*
> SCHIFF HARDIN LLP
> 233 S. Wacker Dr., Suite 7100
> Chicago, IL 60606
> Tel: 312.258.5500
> Fax: 312.258.5600
> jyan@schiffhardin.com
> cgerardi@schiffhardin.com
>
> *Counsel for USAA General Indemnity Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of August, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> BY: /s/ Patrick D. Cloud
> HEYL, ROYSTER, VOELKER & ALLEN, P.C.
> Patrick D. Cloud, ARDC #: 6282672